# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 12-740V
**Filed: February 3, 2015**

*************************************
JEREMIAH MEANS,                                *      UNPUBLISHED
                                                   *      Special Master Dorsey
               Petitioner,               *
                                                   *      Interim Attorney Costs;
v.                                                     *      Reasonable Amount Requested to
                                                    *      Which Respondent Does not Object.
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,               *
                                                   *
               Respondent.            *
*************************************

Donald Philip Edwards, Law Offices of Donald P. Edwards, Atlanta, GA, for petitioner.
Lindsay Corliss, U.S. Department of Justice, Washington, D.C., for respondent.

**DECISION ON INTERIM ATTORNEY'S COSTS[1]**

       On November 1, 2012, Jeremiah Means ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 to -34 (2006).[2] Petitioner alleged that, as a result of receiving the influenza ("flu") vaccine on November 6, 2009, and a tetanus, diphtheria, and pertussis ("Tdap") vaccine on November 7, 2009, he suffered from acute demyelinating encephalomyelitis ("ADEM") or from Susac's Syndrome. This case went to a hearing on December 17, 2014, and the parties' post-hearing briefs are due by February 12, 2015.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire decision will be available to the public. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On February 2, 2015, the parties filed a stipulation regarding interim attorney's costs stating that they had agreed on the amount to be paid for petitioner's life care planner, Charlyn Butler Raih, for all of her work in this case through January 25, 2015. Respondent has elected not to raise her statutory objection regarding interim fees and costs at this time in response to this particular request for interim costs. See Stipulation Regarding Interim Costs at 1, fn. 1. The parties agree to the reasonableness of the request for interim attorney costs as set forth in paragraphs 4 and 5 of the stipulation, which is attached hereto as Appendix A.

The undersigned finds that petitioner is entitled to an award of interim attorney's costs under the unique facts and circumstances of this case. See Butler v. Sec'y, HHS, No. 02-1051, 2012 WL 4458203 (Fed. Cl. Spec. Mstr. June 25, 2012) (awarding interim attorneys' fees and costs over respondent's objection); Shaw v, Sec'y, HHS, 609 F.3d 1372, 1375 (Fed. Cir. 2010) (holding that "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees"). The undersigned finds that the stipulation is reasonable and adopts it as the decision of the Court in awarding interim costs, on the terms set forth therein.

**Accordingly, the undersigned hereby awards the total of $13,920.17, issued in the form of a check payable jointly to petitioner and petitioner's attorney, Donald P. Edwards, for interim attorney's costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

    **IT IS SO ORDERED.**

    s/Nora Beth Dorsey
    Nora Beth Dorsey
    Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.