# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 5, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * | | UNPUBLISHED |
| JEREMIAH MEANS, | * | |
| | * | |
| | * | No. 12-740V |
| Petitioner, | * | |
| | * | Chief Special Master Dorsey |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Reasonable Attorney's Fees and |
| AND HUMAN SERVICES, | * | Costs; Hourly Rates; Atlanta, Georgia. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Donald P. Edwards, Law Offices of Donald P. Edwards, Atlanta, GA, for petitioner.
Glenn McLeod, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

      On November 1, 2012, Jeremiah Means ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleges he developed a neurological condition after receiving the influenza and Tdap vaccines on November 6 and 7, 2009. Petitioner's Application for Attorneys' Fees and Costs ("Pet'r's App.") dated March 29, 2017. On May 18, 2017, the undersigned issued a decision based on the parties' stipulation awarding petitioner $1,874,269.34 in compensation, in addition to an annuity contract. See Decision filed May 18, 2017 (ECF No. 195).

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On March 29, 2017, petitioner filed a motion for attorneys' fees and costs requesting $54,943.50 in attorneys' fees for the Law Offices of Donald P. Edwards and $23,438.58 in costs. Pet'r's App. at 2. The application covers fees incurred from October 31, 2015, through March 28, 2017. Id. Petitioner filed billing records for attorney Edwards and his paralegals, as well as documentation of the firm's costs. Pet'r's App., Attachment 1. Respondent filed a response requesting that the undersigned exercise her discretion when awarding attorneys' fees and costs. Respondent's Response ("Resp.'s Resp.") filed April 17, 2017. For the reasons stated below, the undersigned awards $52,440.50 in attorney's fees and $23,438.58 in costs.

**I.    Attorney's Fees**

    **A.    Reasonable Hourly Rate**

Mr. Edwards requests $450.00 per hour for work performed in 2015 through 2017. See Pet'r's App. at 2. However, this rate is inconsistent with the rates reflected in the Office of Special Masters' Attorneys' Forum Hourly Rate Fee Schedule for an attorney of his experience.[3] Mr. Edwards asserts that the hourly rates in Atlanta, Georgia, are similar to forum rates. The Fee Schedule shows that a lawyer with 44 years of experience, like Mr. Edwards, is entitled to $385.00-430.00 per hour in 2015 and 2016 and $394.00-440.00 per hour in 2017. Mr. Edwards is regarded as an experienced trial attorney with the Vaccine Injury Program. He brought the case through trial and achieved a successful result for his client. As such, the undersigned awards Mr. Edwards $430.00 per hour for his work in 2015 and 2016, and $440.00 per hour for his work in 2017.

Mr. Edwards also requests $165.00 per hour of work performed by his paralegals in 2015 through 2016. This rate also exceeds the Forum Hourly Rate Fee Schedule, which recognizes a maximum rate of $145.00 per hour for work performed by paralegals. The undersigned awards $145.00 per hour for paralegal work.

Thus, the undersigned reduces petitioner's application by $2,503.00, which amount reflects the adjustments made to Mr. Edwards' attorney and paralegal rates as described above.

---

[3] The 2015-2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The hourly rates contained within are from the decision McCulloch v. Sec'y of Health & Human Servs., No. 09-093V, 2015 WL 5634323 (Fed. C. Spec. Mstr. Sept. 1, 2015).

### B.   Reasonable Time Expended

After reviewing petitioner's billing records, the undersigned finds petitioner may have inadvertently billed for administrative work[4] and for paralegal work at an attorney rate.[5] However, upon considering petitioner's application as a whole, the undersigned notes that petitioner's counsel generally exercised discretion with regard to the amount of time billed.

Petitioner's counsel spent nearly five years working on the case a received a favorable result for his client.  The billing record provided in Attachment 1 is sufficiently detailed so as to inform the undersigned of the amount of time spent and the work performed.  The application also appropriately differentiated attorney and paralegal work.  Additionally, petitioner's counsel did not request additional fees incurred from March 28, 2017, when the application was filed, to the closing of the case on May 18, 2017.   Thus, the undersigned will not further police petitioner's application and finds the overall amount of attorneys' fees, less the reduction for reasonable hourly rates, to be reasonable.

## II.   Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  <u>Perreria v. Sec'y of Health and Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).  Petitioner's counsel requests $23,438.58 in costs, including fees for a life care planner, vocational expert, and employment consultant, as well as payments for medical records and photocopies.  Pet'r's App. 26-34.  Petitioner provided sufficiently detailed invoices describing the amount of time spent and the work performed from the various experts.  Pet'r's App. at 28-34.  The undersigned finds all of these costs reasonable and awards them in full.

## III.   Conclusion

Based on the above, the undersigned finds the petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

**Attorneys' Fees**
| | |
|---|---|
| Requested: | $54,943.50 |
| Reasonable Fee Reduction: | ($2,503.00) |
| Awarded: | $52,440.50 |

**Costs**
| | |
|---|---|
| Requested: | $23,438.58 |
| Reductions: | ($0.00) |
| Awarded: | $23,438.58 |

---

[4] Pet'r's App. Attachment 1 at 8 (wherein a paralegal billed 0.4 hours for labeling exhibits); <u>id.</u> at 10 (wherein Mr. Edwards billed 1.1 hours to prepare and file a Status Report).

[5] Pet'r's App. Attachment 1 at 4 (wherein Mr. Edwards billed 1.2 hours to review records); <u>id.</u> at 14 (wherein Mr. Edwards billed 1.2 hours to prepare a Notice of Filing, among other tasks).

**Total Fees and Costs**
Total Awarded: $75,879.08

Accordingly, the undersigned awards:

**A lump sum in the amount of $75,879.08, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his counsel, the Law Offices of Donald P. Edwards.**

In absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with this decision.[6]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.